IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| GEORGE WOODS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-2494 |
| WARDEN, SCI HOUTZDALE | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                                       **SEPTEMBER  30 , 2011**

## MEMORANDUM

Presently before the Court are Petitioner George Woods's Petition for Writ of Habeas Corpus (ECF No. 1), Magistrate Judge Elizabeth T. Hey's Report and Recommendation recommending dismissal of the Petition as untimely filed (ECF No. 7) and Petitioner's Objections to the Report and Recommendation (ECF No. 9). For the following reasons, we will overrule Petitioner's Objections, approve and adopt the Report and Recommendation and dismiss the Petition as untimely filed.

**I.     BACKGROUND**

On December 23, 2002, after an extensive colloquy, Petitioner entered a negotiated plea of guilty to four counts of robbery before the Honorable Joseph P. Cronin, Jr., President Judge of the Court of Common Pleas in Delaware County, Pennsylvania. (Certificate of Imposition of J. of Sentence, Del. Cty. Ct. of Common Pleas, Dec. 23, 2002; Sentencing Tr. 3-6, Dec. 23, 2002 (on file with Court).) Pursuant to the plea negotiation, Petitioner was sentenced to an aggregate term of not less than twenty years nor more than forty years in prison. (Sentencing Tr. 25-28.)[1]

---

[1] Under the negotiated Plea Agreement, Petitioner also agreed to plead guilty to a robbery that he committed in Montgomery County, Pennsylvania. It was agreed that the sentence on the

Petitioner did not file an appeal from the judgment of sentence.

Petitioner alleges that on December 9, 2003, he submitted to the Delaware County Clerk of Courts a *pro se* application, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 24 Pa. Cons. Stat. § 9541 *et seq*., alleging that the plea agreement was not knowing, intelligent or voluntary. (Pet'r's Objections 2, ECF No. 9.) Petitioner alleges that this application was returned undocketed three months later because Petitioner had failed to include transcript numbers in the application. (*Id.*)[2] Petitioner alleges that he subsequently included the transcript numbers and re-submitted the application with a note stating, "I apologize, a friend must have forgotten to include the transcript numbers. Please accept my PCRA back." (*Id.*) Petitioner also alleges that his family hired an attorney by the name of Donald Chisolm to represent him in the PCRA petition, that Petitioner sent his PCRA petition to Chisolm with the expectation that Chisolm would file that petition, and that Chisolm affirmatively represented to Petitioner that he would file the petition when in fact he did not. (*Id.*)

On December 14, 2004, Petitioner filed another *pro se* application pursuant to the PCRA. *Commonwealth v. Woods*, Entry No. 1. Counsel was appointed to represent Petitioner, and after determining that Petitioner's application was time-barred and without merit, counsel filed a

---

Montgomery County charge would run concurrently with the sentence imposed by Judge Cronin. In addition, it was agreed that based upon his prior criminal record, Woods qualified as a violent offender under Pennsylvania's Violent Offender Act. Sentences imposed pursuant to the act are more severe. However, it was agreed that Delaware County and Montgomery County would not sentence under that Act.

[2] There is no evidence in the record that the December 9, 2003 PCRA application was ever docketed. *See Commonwealth v. Woods*, *Commonwealth of Pa. v. Woods*, No. 02-4211 (Ct. Com. Pleas filed Sept. 5, 2002). Morever, Petitioner did not mention the December 9, 2003 PCRA application in the PCRA application that he filed on December 14, 2004, nor is it discussed in any of the opinions filed by the state courts.

no-merit letter pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *Commonwealth v. Woods*, Entry No. 1. On April 28, 2005, the PCRA court filed a Notice of Intent to Dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. *Commonwealth v. Woods*, Entry No. 1. On May 25, 2005 and June 3, 2005, Petitioner filed responses to the Notice, in which he alleged that he was coerced by his attorney into entering into the guilty plea. (*Id.*) On June 28, 2005, the PCRA court dismissed the PCRA petition. (*Id.*) Petitioner filed an appeal in the Superior Court of Pennsylvania. On December 29, 2005, the PCRA court issued an opinion in support of its dismissal of the PCRA petition. (Tr. Ct. Op., Dec. 29, 2005 (on file with Court).) On July 14, 2006, the Superior Court affirmed the PCRA court's dismissal of the petition. (Super. Ct. Mem., July 14, 2006 (on file with Court).) On January 5, 2007, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. Woods*, 916 A.2d 633 (Pa. 2007).

On June 1, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) In his Petition, Petitioner argues that he was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights and that he is entitled to equitable tolling. (Pet'r's Mem. 1-2, ECF No. 1.) On August 17, 2009, Magistrate Judge Elizabeth T. Hey issued her Report and Recommendation ("R & R"). The R & R recommended that we dismiss the Petition as untimely filed. (R & R, ECF No. 7.) Since Magistrate Judge Hey concluded that the Petition was untimely filed, she did not address the merits of Petitioner's claims. (*Id.* at 10.)

Petitioner has filed Objections to Magistrate Judge Hey's R & R. (Pet'r's Objections.) Petitioner contends that: (i) the R & R omitted certain facts; (ii) the R & R attaches no

significance to his "rambling" and "unintelligible" *pro se* PCRA petition; (iii) the R & R minimizes the seriousness of Petitioner's allegations that he was denied his right to effective assistance of counsel; (iv) the R & R failed to apply principles of equitable tolling; and (v) the R & R failed to adequately address Petitioner's alleged deprivation of his right to receive effective assistance of counsel at all critical stages, including at the plea and appeal stages. (*Id.*)

**II.   LEGAL STANDARD**

We review *de novo* those portions of the R & R to which specific objections have been made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *see also Thomas v. Arn*, 474 U.S. 140, 141-42 (1985) ("[A] United States district judge may refer . . . petitions for writ of habeas corpus[] to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. . . . [A]ny party that disagrees with the magistrate's recommendations 'may serve and file written objections' to the magistrate's report, and thus obtain *de novo* review by the district judge.") (citations and footnotes omitted).

**III.   DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner has one year from the date of the final disposition of his case in state court to file a habeas petition. 28 U.S.C. § 2244(d)(1); *Long v. Wilson*, 393 F.3d 390, 393 (3d Cir. 2004). Generally, the one-year period begins to run on the latest of the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Since Petitioner did not file a direct appeal, his judgment became final upon expiration of the time period for filing the appeal, which was January 22, 2003. Pa. R. App. P. 903(a). Thus, Petitioner had one year from that date—or until January 22, 2004—to file

his federal habeas petition.

A petitioner may rely on two tolling exceptions, statutory tolling and equitable tolling, in arguing that the AEDPA's one-year limitations period should be tolled. Statutory tolling under 28 U.S.C. § 2244(d)(2) provides that the time during which a properly-filed application for post-conviction review is pending in state court is not counted toward the one-year limitations period. *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (citing *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)). Petitioner here does not object on the basis of statutory tolling. Rather, Petitioner objects on grounds of equitable tolling. (*See* Pet'r's Objections 8 ("Woods is entitled to equitable tolling because the combination of facts alleged in the petition are extraordinary.").) The AEDPA's statute of limitations may be subject to equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998)). Equitable tolling is available "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Thus, "courts should be sparing in their use of this doctrine." *Id.* at 275. Generally, a petitioner seeking to rely on equitable tolling bears the burden of showing that (i) he pursued his rights diligently, and (ii) some extraordinary circumstance "stood in his way." *Pace v. DiGuglelmo*, 544 U.S. 408, 418 (2005). A petitioner may not satisfy this burden by showing "mere excusable neglect." *LaCava*, 398 F.3d at 276 (citing *Miller*, 145 F.3d at 618-19).

Petitioner contends that his circumstances are extraordinary because he was mentally incompetent at the time that he entered his plea of guilty and at the time during which he should have timely filed his appeal and his habeas corpus petition. Petitioner argues that he "was not

mentally competent to make an informed choice regarding the 20-40 year plea offer because he was in withdrawal" and had been "held under conditions so abusive they could be best described as torture." (Pet'r's Objections 4.)  In addition, Petitioner alleges that his attorney was incompetent because he was under the influence of illegal drugs during the time that he represented Petitioner.  He contends that his attorney was under the influence of illegal drugs when he advised him to withdraw his suppression application and accept the negotiated plea.  Finally, Petitioner contends that the failure of the Clerk of Courts to docket his PCRA Petition contributes to the extraordinary circumstances which justify equitable tolling.

      The record here does not support Petitioner's alleged mental incompetence during any of these time periods.[3]  Nor does the record support the assertion that his attorney was under the influence of illegal drugs when he was advising Petitioner.  At Petitioner's guilty plea, the court conducted a comprehensive colloquy, in which Petitioner agreed that he understood all of his rights, that he understood the sentences to be imposed, and that he had read the Guilty Plea Statement, had gone over it with his attorney, understood the information contained in the Guilty Plea Statement and the rights and protections that he was giving up, and understood the sentences to be imposed.  (Sentencing Tr. 3-30; *see also* Guilty Plea Statement.)  Petitioner testified that he was not pressured or coerced into entering a guilty plea.  (Sentencing Tr. 19.)  Petitioner also denied that he was under the influence of any drugs, alcohol or medication or that he suffered

---

[3] One need only read the transcript of the guilty plea/sentencing hearing to conclude that Petitioner's assertion that he was incompetent at the time of the hearing is ridiculous.  Moreover, Petitioner's counsel was actively engaged in the guilty plea proceedings.  There is no indication in the record to suggest that he was under the influence of illegal drugs at the time.

from any debilitating mental illness. (Sentencing Tr. 7; Guilty Plea Statement 2.)[4] The record shows that on December 23, 2002, Petitioner reviewed, initialed and signed the Guilty Plea Statement, which provided the following instruction:

> It is IMPORTANT that you understand, agree with and answer truthfully everything contained in this Guilty Plea Statement. If you understand and agree what is said in a paragraph of this statement, place your initials on the line provided. If you do not understand and agree with what is said in a paragraph, DO NOT place your initials on the line provided, and you should tell the judge what you do not agree with or understand.

(Guilty Plea Statement 1 (original emphasis); *see also* Sentencing Tr. 10-14.) The Guilty Plea Statement contained 25 paragraphs which are designed to establish that a defendant is entering a voluntary, intelligent plea. Petitioner initialed each paragraph. (Guilty Plea Statement 2-4.) Among the paragraphs that Petitioner initialed were:

> 2. I do not have any physical, emotional or mental problems which affect my ability to understand what I am doing today, the rights which I have and the rights which I am giving up by pleading guilty or nolo contendere and I am not now under the influence of any narcotics, drugs, alcohol or any other substance.
>
> . . . .
>
> 4. I am fully satisfied with what my lawyer has done for me in the past and what my lawyer is doing for me today concerning this case.
>
> 5. I am fully satisfied that my lawyer is ready and able to defend me in this case if I do not plead guilty or nolo contendere to these charges.

(*Id*. at 2.) Petitioner signed and dated the Guilty Plea Statement. (*Id*. at 4.)

Petitioner asserts that his mental incompetence is evidenced by his "rambling" and

---

[4] The Guilty Plea hearing was on December 23, 2002. Petitioner was arrested and detained beginning in July 2002. He had been in jail for many months prior to entering the guilty plea. The suggestion that he was suffering from drug withdrawal at the time of his plea or at any time thereafter finds no support in this record.

"unintelligible" pro se PCRA petition. (Pet'r's Objections 5, 8.) This bald assertion, without more, does not establish Petitioner's mental incompetence either at the time of entry of his guilty plea, at the time of his sentencing or during the time period in which Petitioner could have timely filed his federal habeas petition.

Petitioner argues that the PCRA court clerk's failure to docket Petitioner's initial petition, which Petitioner contends was timely filed, "derailed the initial timely, pro-se PCRA petition, and vitiated all subsequent post conviction remedies." (Pet'r's Objections 9.) However, even if the PCRA court clerk failed to docket the initial petition in a timely manner, this does not explain Petitioner's failure to file his federal habeas petition within the limitations period. *See Mines v. Vaughn*, 96 F. App'x 802, 805 (3d Cir. 2004) (concluding no extraordinary circumstances existed warranting equitable tolling because state courts' actions did not explain petitioner's failure to file timely federal habeas petition); *cf. Pace*, 544 U.S. at 416 (noting that petitioner may avoid a situation of years-long litigation in state court only to discover an improper filing by the time a federal habeas petition has become time-barred, by filing a protective petition in federal court within the limitations period).

Finally, Petitioner argues that he is entitled to equitable tolling "because he was the victim of extraordinary attorney negligence." (Pet'r's Objections 9.) In addition to the alleged incompetence of his guilty plea counsel, Petitioner specifically asserts that his attorney, Donald Chisolm, misrepresented to Petitioner that he had sent Petitioner's *pro se* PCRA petition to the court, when, in fact, Chisolm failed to file the petition in a timely manner. (*Id*. at 8-9.) It is undisputed, however, that Petitioner's family first sought Chisolm's services on January 23, 2004. (Woods Letter 1, PCRA Pet.) This was after the time for filing a federal habeas petition

had expired. Thus, any alleged attorney negligence could not have caused Petitioner's failure to file his federal habeas petition within the applicable limitations period. Moreover, mere attorney error is insufficient to warrant equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling[.]"). Although an affirmative lie by an attorney to his client may constitute grounds for extraordinary behavior, *see Seitzinger v. Reading Hosp. and Med. Center*, 165 F.3d 236, 241 (3d Cir. 1999) (finding attorney's behavior to go "well beyond the garden variety, because [he] affirmatively lied to his client"), the record here does not establish a misrepresentation by Chisolm that resulted in the untimely filing of his habeas petition. Moreover, the record does not reflect reasonable diligence by Petitioner. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (noting that even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing") (citation omitted). Petitioner here contacted Chisolm once in April 2004 to inquire about the status of his PCRA petition, but there is no evidence that Petitioner sought further information concerning the petition at any time before filing his PCRA petition on December 14, 2004.

**IV.     CONCLUSION**

For these reasons, Petitioner's Objections to the R & R will be overruled, the Report and Recommendation by Magistrate Judge Hey will be adopted, and the Petition for Writ of Habeas Corpus will be dismissed as untimely filed.

An appropriate order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.